Matthias, J.
The pleadings in this case present the issues of negligence of the defendant and contributory negligence of the plaintiff. The record discloses the usual conflict of various witnesses upon these issues, there being a serious and wide difference as to the speed of the áutomobile and also as to the speed of the street car, the former varying from six to thirty-five miles per hour as it approached the intersection, and the latter seven to thirty-five miles per hour. This difference is illustrative of the conflict in the evidence upon material and important questions of fact which is characteristic of many cases, particularly those of the nature of the one under consideration. Counsel for the company contended before the court of appeals, and now contend, that even if any errors were committed by the trial court, they are unimportant and should not be given any consideration now for the reason that it appears from the entire record that the plaintiff should not recover, and, hence, that it was the duty of the trial court to direct a verdict for the defendant. Upon this contention we need only to say that we find the record discloses evidence upon the issues joined which required the submission of the case to the jury, under proper instructions by the court,
*309 The action of the trial court chiefly complained of by the plaintiff Mayers in the proceeding in error instituted by him in the court of appeals, and because of which a judgment of reversal was entered by that court, was the giving of several instructions before argument requested by the defendant, and also certain language used in the general charge which has been set out in the statement of facts.
It has long been the settled law of this state that when one is injured by the wrongful act of another, without concurring negligence upon his own part or by some one who is under his direction or control, he is entitled to recover from him who caused the injury. It is likewise settled that the doctrine of imputed negligence does not obtain in Ohio. Cincinnati Street Ry. Co. v. Wright, Admr., 54 Ohio St., 181, and cases cited.
In 1 Shearman & Redfield on Negligence (6 ed.), Section 66, attention is directed to the fact that no court of last resort in this country longer applies or approves the doctrine announced by an English court in the well-known case of Thorogood v. Bryan, 8 C. B., 115, which was, in substance, that a passenger in a public vehicle, though having no control over the driver, must be held to be so identified with the vehicle as to be chargeable with any negligence on the part of the operator, which contributed to an injury inflicted upon such passenger by the negligence of a stranger. It is then said by that authority, on page 166, that “The only remnant of this doctrine which remains in sight anywhere is the theory that one who rides in a private conveyance thereby makes the driver his agent, and is *310 thus responsible for the driver’s negligence,- even though he has absolutely no power or right to control the driver. This extraordinary theory, which did not even occur to the hair-splitting judges in Thorogood v. Bryan, was invented' in Wisconsin, and sustained by a process of elaborate reasoning; and this Wisconsin decision, in evident ignorance of all decisions to the contrary, was recently followed, with some similar reasoning, in Montana, and in Nebraska. * * * The notion that one is the ‘agent’ of another, who has not the smallest right to control or even advise him, is difficult to support by any sensible argument. This theory is universally rejected, except in the three states mentioned, and it must soon be abandoned even there.”
It is urged upon the other hand by this authority, supported by numerous cases, that a plaintiff cannot be excused from using- due care for his own safety by showing that he relied upon a stranger to do it for him. He must still exercise ordinary care to discover dangers and avoid injury, and cannot recover damages for an injury to which he directly contributed by his own negligence. The questions of fact, therefore, to be submitted to and determined by the jury in a case such as the one before us, are whether the company, by the negligent operation of its car, caused the injury to the plaintiff, and whether the plaintiff, by his own negligence, directly contributed thereto. In submitting such questions to the jury the instructions of the court should be based upon the facts disclosed by the record. It cannot be concluded from an examination of this record that the plaintiff, who was a guest of the *311 owner and driver of the automobile, was engaged in a joint enterprise with him within the meaning of that term as used by the court in the case of The N. Y., C. & St. L. Rd. Co. v. Kistler, 66 Ohio St., 326. Other controlling and important facts to be borne in mind are that the plaintiff was not familiar with the operation of an automobile, having never owned or driven one himself; that he had probably not ridden in one all told more than ten times previous to the time of his injury, one, two or maybe three of them having been with Riek, the owner and driver of the machine in which plaintiff was riding at the time of the collision; that from observation the plaintiff deemed him to be a careful driver.
While it cannot be questioned that the plaintiff, seated as he was beside the driver, with apparently equal opportunity to observe impending dangers, and within easy access so as to readily communicate to the driver the result of his observations, was required to so. use his faculties of sight and hearing to discover dangers incident to such crossing and apprise the driver thereof, as would a person of reasonable and ordinary prudence under the same or similar circumstances, yet the language used by the trial court not only places such requirement upon the plaintiff but goes much further and is open to the objection of being misleading and prejudicial. The language used in Request No. 7., given before argument, is particularly unfortunate, in that it assumes that the manner of operation of the automobile was with the plaintiff’s permission, and contains a very strong suggestion, and probably an in *312 fluential one upon the minds of the jury, that, under the circumstances present, the plaintiff was to be regarded as having authority over Riek and some control of the actual management and operation of the automobile, and that a failure to assert such authority or assume control would necessarily constitute negligence on the part of the plaintiff.
There is some evidence that between the point of starting and the intersection where the collision occurred Riek had driven rapidly, possibly at an excessive rate of speed, and, therefore, the question as to whether plaintiff was negligent in remaining in the automobile after observing the manner of its operation was properly submitted to the jury; but there is no evidence whatever upon which to base a submission of the question of negligence of plaintiff in riding with Riek in the first instance. There is no suggestion in the evidence that Riek was an inexperienced or incompetent driver, or had theretofore operated his automobile in a manner that would indicate carelessness or incompetency to the plaintiff or any one else. Such evidence as was offered on the subject was rather to the contrary. The evidence shows that he had owned and driven the same automobile about a year and a half, and no evidence was offered of any prior manifestation of want of efficiency or lack of care, nor was there any evidence which in the least tended to show any incapacity of Riek, by reason of intoxication or otherwise, at the time Mayers accepted the invitation and entered the automobile for the ride or thereafter. It was, therefore, quite misleading to submit to the jury the question of negligence of *313 Mayers in accepting such invitation and riding in the automobile, carrying with it as it does a suggestion that the mere act of entering the automobile may be regarded as a negligent act.
The trial court-took cognizance of the rule fixed in this and many states which holds against the doctrine of imputed negligence, and stated in the general charge that the negligence of Riek would not be imputed to the plaintiff; but other language used in the general charge serves to place upon the plaintiff the duties and requirements of the driver of the machine, which is tantamount to holding the passenger liable for any negligence of the driver, and in its effect upon the minds of the jury probably amounts to the assertion of the doctrine of imputed negligence. That is the very probable effect upon the minds of the jury of the instruction that the duties of the passenger are the same as those of the driver, and that the passenger is “not exonerated from any duty at all by reason of the fact that he himself was not driving the machine.” Although in other portions of the charge the duty of the plaintiff was defined to be that of ordinary care under the circumstances, yet it is not apparent that such language would serve to relieve the portions to which we have referred from the objection that they place an undue and unwarranted burden upon the plaintiff.
In the main we regard the instructions of the court as a correct exposition of the law applicable to such case, but for the reasons we have stated we think it is apparent that the plaintiff must have been prejudiced by the language unhappily used in defiri *314 ing the duty devolving upon the plaintiff. It follows that the judgment of reversal entered by the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Jones, JJ., concur.